Filed 6/13/25  P. v. Johnson CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>TATYANA JAIHDA MARIE JOHNSON,<br><br>Defendant and Appellant. | F088222<br><br>(Super. Ct. No. F18904832)<br><br>**OPINION** |

-ooOoo-

### THE COURT<sup>*</sup>

APPEAL from a judgment of the Superior Court of Fresno County.  John F. Vogt, Judge.

Julia J. Spikes, under appointment by the Court of Appeal; Tatyana Jaihda Marie Johnson, in propria persona, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Levy, Acting P. J., Peña, J. and De Santos, J.

## INTRODUCTION

In 2018, appellant Tatyana Jaihda Marie Johnson fatally struck and killed Andrea Monica Reyes with her automobile. In 2023, following a bench trial, the court found appellant guilty of (1) felony hit-and-run (Veh. Code, § 20001, subd. (b)(2); count 1) and (2) misdemeanor vehicular manslaughter (Pen. Code, § 192, subd. (c)(2); count 2). For the felony, appellant was sentenced to prison for the low term of two years. She received credit for time served for the misdemeanor.

Appellant's counsel filed a *Wende*[1] brief in this court. We have independently reviewed the entire record and, finding no arguable issues, affirm the judgment.

## BACKGROUND

Appellant waived her right to a jury trial. The defense presented no evidence, and appellant did not testify.

In 2018, appellant was sitting in the driver's seat of her vehicle with the engine running, parked outside a residence. She began arguing with the victim, Reyes, who was standing nearby.[2] While appellant remained in her vehicle, the argument escalated. Approximately six bystanders were present.

During the confrontation, Reyes entered appellant's vehicle through the open passenger-side door. Reyes's brother pulled her out, but as he did, appellant reversed, knocking both of them down. Appellant then drove forward, running over Reyes and fleeing the scene.

Reyes sustained multiple fractures and internal injuries. She died later that day from blunt force trauma. The court received evidence that appellant's vehicle had dragged Reyes about 14 feet.

---

[1] *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

[2] Before or during this argument, appellant's vehicle made contact with Reyes's parked car, causing some minor damage.

After striking Reyes and driving over her, appellant did not stop to render aid, and she never called authorities. She drove approximately six miles away and remained in her car until officers located her. When approached, she claimed she "had been jumped" and denied any wrongdoing. During a later police interview, she claimed she had been attacked by five or six people, including Reyes. Appellant said her attackers were trying to get her out of her vehicle, they were pulling her hair, and they were hitting her. She admitted to law enforcement that she had backed up, and it felt like she had hit something. She then drove away, and she had felt her car go over something. She claimed she had been in "survival mode."

At trial, Reyes's daughter and brother both denied seeing anyone strike or touch appellant during the altercation.

## DISCUSSION

The present *Wende* brief raises no arguable issues; it asks us to independently review the entire record.

Following receipt of the *Wende* brief, this court notified appellant that she had the right to file a letter with us stating any grounds on appeal that she wished us to consider. On May 19, 2025, appellant personally filed a letter in this court. She asks us to reduce the felony hit-and-run conviction to a misdemeanor. She reiterates her contention that she was physically attacked during the incident. She asserts that she was terrified and feared for her safety. She denies that she knowingly ran over anyone.

Pursuant to *Wende* and *People v. Kelly* (2006) 40 Cal.4th 106, we have reviewed the entire record. Consistent with our Supreme Court's direction in *Kelly*, we have provided a brief description of the relevant facts and the procedural history of this case. We have summarized the crimes of which appellant was convicted, and the punishment imposed. (*Id*. at p. 110.)

We find no arguable appellate issues. The sentencing court imposed an authorized sentence of two years, the low term, for appellant's felony conviction. (Veh. Code,

3.

§ 20001, subd. (b)(2); Pen. Code, § 1170, subd. (b)(2).) This offense is a wobbler, punishable either as a felony or a misdemeanor. As a felony, the sentencing triad is two, three, or four years in state prison. Nothing in this record suggests the court may have abused its sentencing discretion.

It is inappropriate for this court to reclassify the hit-and-run offense as a misdemeanor because the trial court found appellant guilty of the felony. The authority to declare a wobbler offense a misdemeanor is vested exclusively in the trial court, either at the time of granting probation or upon application thereafter. (See Pen. Code, § 17, subd. (b)(3).)

Finding no arguable issues, we affirm.

## DISPOSITION

The judgment is affirmed.